SCOTT & WILLIAMS, Inc., v. LASTIC-NIT CO., Inc.

No. 4485.

United States Court of Appeals First Circuit.

Jan. 8, 1951.

Rehearing Denied Jan. 26, 1951.

George A. Smith, Philadelphia, Pa. (John T. Noonan, Boston, Mass., with him on brief), for appellant.

Richard F. Walker, Boston, Mass. (Herman T. Gammons and Roberts, Cushman & Grover, all of Boston, Mass., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and FAHY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a final judgment dismissing the complaint in suit for infringement of claims, 1, 10, 11, 13 and 15 of a patent (No. 2,009,361) for Improvement in Knitted Fabrics granted on July 23, 1935, to John Lawson, assignor to Lawson Knitting Company, and by the latter assigned to the plaintiff, Scott & Williams, Incorporated. The plaintiff's title to the patent is now admitted. Moreover the defendant in its amended answer, while denying validity for the usual numerous reasons, and denying infringement of four of the five claims in issue, admitted "that it has been and now is making, using and selling knitted fabrics which come within the description of said claim 10, * * *" The District Court reached the conclusion "that the patent in suit is invalid for want of novelty and invention", and in view of this conclusion found it unnecessary to discuss the other grounds relied upon by the defendant to show invalidity. Since we agree with the District Court, our discussion will be similarly limited.

The patent in suit is directed specifically to the art of knitting an elastic fabric having the characteristic of "two way stretch", so called, which is much used, and said to be very useful, in the manufacture of "foundation garments" for women. More specifically still, the patent teaches the knitting side by side of an uncovered rubber strand with a single rayon, cotton, silk or other fibrous yarn; the rubber strand being knitted under sufficient tension to stretch it to at least twice its relaxed length. It appears that the rubber strand in a fabric made according to this teaching will contract as the fabric leaves the knitting machine thereby burying itself in the fabric and causing the single fibrous yarn to loop out and "plate", not merely one, but both surfaces of the finished material. It is said by the plaintiff that this teaching constituted an "outstanding and radical contribution" to a crowded art in that it produced not merely a better, but a new kind of fabric having many advantages over anything known before in its field, as is fully attested by its commercial success and the defendant's imitation.

Plating, which as applied to textiles is defined in Webster's New International Dictionary, Second Edition, as "giving a

yarn or a fabric an outer surface of material, as silk, of finer quality than the core or inner material, as cotton", is admittedly old in the art of knitting.

In inelastic fabrics it had long been achieved by knitting cotton and worsted yarns side by side, the cotton hard twisted and under considerable tension and the worsted loose twisted and under little tension, whereby the cotton buried itself in the fabric and the worsted appeared on the outside thereof, giving the finished material a soft and attractive appearance and a firm texture. See the Baron Reissue Patent (No. 10,755) of 1886. However, with this technique apparently plating on only one side of the finished material resulted when a single worsted plating yarn was used, and to attain plating on both sides of a fabric two worsted yarns were required.

Plating had also been achieved prior to Lawson in an elastic fabric having two way stretch by the use of a covered rubber strand, i.e. one spirally wrapped with cotton or other fibrous yarn, in combination with one or more rayon, silk, cotton or other like yarns. This is described in the specification of Patent No. 1,965,860 issued on an application antedating Lawson's to one Rutledge in 1934, for a Combination Foundation Garment. But it appears from this patent that, as in Baron, plating on both sides of the finished fabric is accomplished only when two plating yarns are used with the covered rubber core, or plated strand, and that plating is accomplished on one side of the fabric only when a single plating yarn is used with the covered rubber strand. Furthermore, in a patent (No. 788,997) issued to Bottger in 1905 for a method of making elastic knitted fabrics, but not involving plating, the knitting of an elastic thread, "preferably made of rubber", which it is said "may or may not be a covered thread, as desired", along side an inelastic fibrous yarn to make a fabric having two way stretch is clearly shown.

In addition, an English patent to Clarke and Jackson (No. 9700 of 1908) for a knitted fabric, but not an elastic one, and also for the method and means of knitting the same, teaches the production of such a fabric "from two different kinds of yarn, both of which are knitted on every needle in every course in such a manner that one kind of yarn is shown on both sides of the fabric", by the mechanical expedient of forming in the knitting machine described in the patent larger loops of plating yarn than of the core or plated yarn.

The foregoing indicates the substance of the immediately pertinent art before Lawson. And his contribution thereto, as already appears, was the conception of knitting a bare rubber core strand, instead of a covered one, stretched to at least twice its relaxed length, whereby at least twice as much of the inelastic yarn as of the elastic strand is knitted into a fabric. And this is what the plaintiff says produces the new, revolutionary and unforeseeable result of "the throwing out of loops of the inelastic yarn on *both* faces of the fabric causing a *single* inelastic yarn to cover the rubber on *both* faces of the fabric."

No doubt Lawson took a step ahead. But each element of his step seems to us clearly foreshadowed by the prior art.

Lawson does not claim a knitted fabric having "two way stretch". Neither does he claim knitting a bare rubber strand, instead of a covered rubber one, in conjunction with a fibrous yarn to produce such a fabric. Nor would it seem that he could make either of these claims in view of Bottger. What Lawson asserts as his advance over Bottger is the tensioning of the bare rubber strand to stretch it to at least twice its relaxed length whereby at least twice as much of the fibrous yarn as of the elastic strand is knitted into the fabric with the result of two surface plating with only one plating yarn.

It is true that Bottger does not show any tensioning his rubber core strand. If anything he shows the reverse. But it is equally true that Bottger was not concerned with plating. Baron, on the other hand, who was concerned with plating, but not with an elastic fabric, long ago showed tensioning a hard twisted cotton core strand in order to bury it in a slack twisted loosely knitted worsted plating yarn. Thus as

we see it all that was needed to plate an elastic fabric was to take Bottger's technique for knitting an elastic fabric and combine it with Baron's technique for making a plated one. Furthermore tensioning an elastic strand must of necessity stretch it, and stretching it while it is being knitted in conjunction with an inelastic yarn will necessarily result in knitting more of the inelastic yarn than of the rubber strand in its relaxed state. Thus it is inevitable that when a fabric made according to Lawson's teaching comes from the knitting machine, and the rubber strand therein contracts, larger loops of the inelastic yarn will be formed than of the elastic strand, which in turn results in covering both surfaces of the fabric with the single inelastic yarn, plating within Webster's definition, as Clarke and Jackson taught.

While it is true that Lawson was not fully anticipated by any one practice of the prior art, it is also true that both elements of his teaching were not only known to the prior art, but also known to the prior art of knitting with which Lawson had long been associated. That is to say, the use of a bare rubber strand side by side with a fibrous yarn was known in the subart of knitting elastic fabrics, and the tensioning [1] of the core strand relative to the parallel knit covering strand was known in the subart of knitting plated fabrics. Thus nonallied arts do not have to be searched in order to find origins for Lawson's teaching. We do not have to hunt through remote arts for an idea here, a hint there, and the germ of an idea somewhere else, which when combined make Lawson's contribution seem but a slight advance over what was known before. On the contrary the genesis of Lawson's thought is to be found not only in the knitting art, but also in the two subdivisions of that art, elastic fabrics and plated fabrics, in which Law-

son was particularly interested and with which he is chargeable with familiarity.

Making due allowance for the hindsight with which perforce we have to view the contribution of this, and every other, patentee, nevertheless we cannot see that Lawson's teaching constituted a sufficient step ahead to warrant the grant of a patent. Certainly we cannot say that the District Court was clearly erroneous in its finding of invalidity for want of novelty and invention.

The judgment of the District Court is affirmed.

[1] There is, to be sure, no teaching in the art prior to Lawson of the degree to which a bare rubber core strand should be stretched while being knitted in order to produce the result of plating. But given the idea of tension on the core strand contributed by Baron, and applying that idea to an elastic core strand, the amount of tension, and hence the degree of stretch, required to cause plating would be only a matter of experimentation within the competence of workmen skilled in the knitting art.